**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TOYOTA MOTOR CREDIT CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>MASSACHUSETTS STATE POLICE AND A1 AFFORDABLE INC.,<br><br>    Defendants. | CIVIL ACTION NO:<br><br>**COMPLAINT** |

Plaintiff, Toyota Motor Credit Corporation alleges as follows:

1. Plaintiff brings this action to remedy a deprivation of its long-settled and fundamental rights to be free from unreasonable seizures and to due process of law under the United States Constitution. It is beyond debate that the government cannot deprive Plaintiff (or anyone) of property by unreasonable seizure and/or without first providing for notice and a hearing. Yet, that is exactly what occurred here, and exactly what is sanctioned by an outdated, facially unconstitutional Massachusetts State statute, which does not recognize that duly perfected security interest and a lien in a vehicle is a constitutionally protected property right. Here, Defendants seized, detained without warrant or exception to the warrant requirement and disposed of a motor vehicle in which Plaintiff held a duly perfected security interest and a lien without notice or a hearing, thereby extinguishing Plaintiff's lien and property interest. Plaintiff, therefore, brings this declaratory judgment/civil rights action pursuant to 42 U.S.C. §1983 and §1988 for

1

deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C. §1983.

3. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action rises under the Constitution and laws of the United States.

4. The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. §1367 for inter-related state law claims which arise from the occurrences giving rise to the Federal claims and which have a common nucleus of operative fact.

5. Venue lies in the Court pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff Toyota Motor Credit Corporation ("TMCC") is a foreign corporation duly organized and existing by virtue of laws of the State of California and the holder of the duly perfected and recorded lien and security interest in a 2019 Toyota Camry, Vehicle Identification Number 4T1B11HKXKU727283 ("The Subject Vehicle").  TMCC's regular business includes providing financing for the purchase of TMCC manufactured and other automobiles.

7. The Defendant, Massachusetts State Police, (hereinafter "MSP") is a law enforcement agency within the Executive Office of Public Safety of the Commonwealth of Massachusetts with a place of business at 470 Worcester Road, Framingham,

Massachusetts 01702.

8.  The Defendant, A1 Affordable Inc., (hereinafter "A1") is a Massachusetts corporation with a principal place of business at 357 South Main Street, West Bridgewater, Plymouth County, Commonwealth of Massachusetts.

## INTRODUCTION

9.  MSP and A1 summarily deprived TMCC of its rights in The Subject Vehicle when MSP and A1 seized The Subject Vehicle pursuant to its police powers, detained it without notice to TMCC and without a warrant or exception to the warrant requirement and then disposed of it pursuant to Massachusetts G.L.c. 255, §39A without notice to TMCC and without affording TMCC the opportunity for a hearing with respect for the legitimacy of these actions, either before or after their occurrence.

10. Massachusetts G.L.c. 255, §39A effectuates the Commonwealth's interest in enforcing traffic laws and in protecting the public from hazardous street conditions. The statute provides a means for the state to compensate private parties who assist the state by towing and storing vehicles at the direction of police. <u>The statute has, however, fallen out of step with modern developments in constitutional law which confirm that a duly perfected security interest and lien in a vehicle is a constitutionally protected property right.</u>[1]

---

[1] G.L. c. 255, section 39A governs lien enforcement for towing and storage charges for vehicles towed from the scene of an accident by order of the state or local police or by order of the registry of motor vehicles official. G.L. c. 159B section 6B however, establishes a carrier's lien for storage and for towing for all police/public authority ordered tows and provides that the lien for both types of charges for all police/public authority tows may be enforced under G.L. c. 255 section 39A.

11. Massachusetts G.L.c. 255, §39A is unconstitutional on its face because it fails to require that the holder of a duly perfected security interest and lien in a vehicle is entitled to notice and an opportunity to protect its rights. The statute therefore authorizes a seizure and detention without a warrant or exception to the warrant requirement, as well as the sale and concomitant destruction of the property interests of the secured party holding a recorded lien against the affected vehicle (by extinguishment of the lien) without any notice to such lienholder or any opportunity to be heard.

12. The summary deprivation of TMCC's interest occurred in furtherance of MSP and A1's standard practices for taking custody of vehicles as part of an arrest or investigation as part of MSP and A1's standard practice for detaining and disposing of vehicles.

13. MSP and A1 violated TMCC's rights to Procedural Due Process because MSP and A1 have no procedures whereby a person with a security interest or lien in a seized vehicle is afforded the opportunity for a hearing before an impartial decision-maker with adequate notice, where the interested person can protect its security interest or lien by challenging the seizure, detention or disposal of the impacted vehicle.

14. MSP and A1 violated TMCC's rights to be free from unreasonable seizures and to Procedural Due Process when they failed to give TMCC any notice of the initial seizure and then detained and disposed of The Subject Vehicle without providing TMCC with constitutionally adequate notice of procedures for the recovery of The Subject Vehicle or protection of TMCC's property interests in The Subject Vehicle.

## **FACTS COMMON TO ALL COUNTS**

15. On or about July 31, 2019, TMCC obtained a purchase money security interest and lien in The Subject Vehicle. A copy of the Retail Installment Sales Contract is attached hereto and marked Exhibit "A".

16. The Subject Vehicle was officially titled in the Commonwealth of Massachusetts with Jordan Ramirez recorded as the owner and TMCC recorded as the first priority lienholder. A copy of the electronic Title is attached hereto and marked Exhibit "B".

17. On or about March 22, 2021, MSP and A1 took possession and custody of The Subject Vehicle pursuant to MSP's police officers acting in the course of their duties as law enforcement officers.

18. On or about March 22, 2021, MSP, through its police officers acting in the cause of their duties as law enforcement officers, and pursuant to laws enacted to further official state interests, directed A1 to tow and detain The Subject Vehicle.

19. On or about March 22, 2021, A1 towed The Subject Vehicle and retained The Subject Vehicle on behalf of MSP as part of its standard practice to tow vehicles without license plates.

20. MSP and A1 did not notify TMCC that The Subject Vehicle had been towed.

21. MSP and A1 did not, thereafter, return The Subject Vehicle to TMCC or anyone else. Instead, MSP authorized its agent, A1, to detain and dispose of The Subject Vehicle pursuant to Massachusetts G.L.c. 255, §39A.

22. MSP and A1 did not notify TMCC that after the investigation ended that MSP authorized A1 to detain and dispose of The Subject Vehicle.

23. MSP did not ensure that its agent, A1, notified TMCC that MSP had authorized the towing, detention and disposal of the Subject Vehicle.

24. MSP's use of A1 to accomplish its law enforcement objective of towing and storing The Subject Vehicle was consistent with and/or part a MSP's regular practice for taking custody of a vehicle without license plates affixed to the vehicle.

25. MSP's authorization of A1 to detain and dispose of The Subject Vehicle after the investigation ended was consistent with and/or part of MSP's regular practice for detaining and disposing of a vehicle following the seizure thereof pursuant to its police powers.

26. MSP and A1 have no procedure for providing notice at any time to the holder of a security interest or lien in a vehicle that an impacted vehicle has been seized.

27. MSP and A1 has no procedure for affording the holder of a security interest or lien in a vehicle the opportunity to be heard either before or after the time when MSP authorizes seizure, detention and disposal of a vehicle which was taken into custody by MSP for investigation.

## COUNT I
**Violation of Civil Rights Pursuant to title 42 U.S.C. §1983**
**(Deprivation of Property by Unreasonable Seizure and Without Due Process of Law)**

28. TMCC realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

6

29. Prior to MSP and A1's involvement with The Subject Vehicle, TMCC held the duly recorded lien and first priority perfected security interest in The Subject Vehicle.

30. TMCC had the right to have its lien remain recorded on the Certificate of Title and the immediate right to take possession of The Subject Vehicle pursuant to the terms of TMCC's security interest.

31. MSP and A1 acted under color of state law to deprive TMCC of valuable property interests in The Subject Vehicle in the following ways:

   a. MSP and A1 did not at any time notify TMCC that MSP and A1 had seized, detained or intended to dispose of The Subject Vehicle; and

   b. MSP and A1 imposed *de facto* a lien on The Subject Vehicle for towing and storage fees;

   c. MSP and A1 detained The Subject Vehicle after it was no longer needed for investigation without providing any notice of procedures whereby TMCC could protect its lien interest from loss and/or protect the value of its property interest in The Subject Vehicle from loss;

32. MSP and A1's conduct in causing such deprivations violated TMCC's right to Due Process under the Fourteenth Amendment of the United States Constitution because:

   a. MSP and A1 have no procedures whereby TMCC (or any person with a security interest in a seized vehicle) could have been afforded the opportunity for a hearing before an impartial decision-maker, with adequate notice, whereat TMCC or any other lienholder could protect its interest by challenging the deprivation of property or by recovering the impacted vehicle;

   b. MSP and A1 have no procedure for notifying TMCC (or any person with a security interest in a seized vehicle) of methods which could be utilized to recover the impacted vehicle or protects its lien therein from loss; and

   c. MSP and A1's detention and authorization for sale and concomitant extinguishment of TMCC's lien in The Subject Vehicle without any notice to TMCC was without any reasonably acceptable justification.

33. MSP and A1's conduct in seizing The Subject Vehicle without providing any post-seizure notice to TMCC of the initial seizure and in detaining The Subject Vehicle without any notice to TMCC was unreasonable and violated TMCC's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

34. MSP and A1 knew or should have known that it was unlawful and unconstitutional to (i) deny possession; (ii) seize and detain without warrant or exception to the warrant requirement; (iii) assert a lien for towing and storage fees; (iv) sell the vehicle; (v) extinguish TMCC's lien and security interest, where notice and a hearing upon the validity of such deprivations had not been afforded to TMCC, a party with duly perfected and recorded property interests in The Subject Vehicle.

35. As a direct and proximate result of MSP and A1's violation of TMCC's rights under the Fourth and Fourteenth Amendments to the United States Constitution, TMCC has suffered general and special monetary damages based upon the lost value of The Subject Vehicle, the income stream due to TMCC relative thereto and is entitled to relief under 42 U.S.C. §1983 and 42 U.S.C. 1988.

36. The conduct of MSP and A1 in not seeking to have a prompt impartial review of its seizure, detention, lien creation, sale, extinguishment of TMCC's lien was consistent with and part of the standard procedure and policies utilized by MSP and A1 for vehicles seized held in investigation, and then disposed of once the investigation is concluded.

37. The conduct of MSP and A1 in failing to notify TMCC of MSP and A1's actions relative to The Subject Vehicle is consistent with and part of standard procedures

and policies utilized by MSP and A1 to seize vehicles held in investigation and then dispose of said vehicle once the investigation is concluded.

38. MSP and A1 do not maintain any procedural mechanism for providing a notice of seizure to impacted lienholders after a vehicle is seized.

39. MSP and A1 do not maintain any procedural mechanism for providing hearings to parties holding security interests or liens in such seized vehicles.

40. The failure by official MSP and A1 policy makers to properly train or supervise subordinates regarding the constitutional requirements required in conjunction with the seizure, detention and assertion of charges and liens against vehicles, and sales thereof, and extinguishment of liens therein is contrary to well-settled constitutional law. MSP and A1 policy makers' failure to train or supervise subordinates in the face of this law amounts to deliberate indifference to the rights of persons who have security interests or liens in vehicles that are seized, detained, subjected to charges and liened by and sold under the authority of MSP and A1.

41. But for MSP and A1's deprivational policy, decisions, practices and failures described above, TMCC would have had the right to recover and would have recovered The Subject Vehicle without delay or with minimal delay and without incurring liability for or loss due to towing and storage charges impressed *ex parte*, and without incurring liability for further storage charges continually accruing daily.

## COUNT II
### Violation of Massachusetts Constitution Article 10
### (Deprivation of Property Without Due Process of Law) and Violation of Massachusetts Constitution, Article 14 (Prohibition Against Unreasonable Seizures)

42. TMCC realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

43. MSP and A1's violations of the Fourteenth Amendment to the U.S. Constitution as aforesaid constitute violations under Massachusetts Constitution, Article 10.

44. MSP and A1's violations of the Fourth Amendment to the U.S. Constitution aforesaid constitute violations under Massachusetts Constitution, Article 14.

## COUNT III
### Declaratory Relief

45. TMCC realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

46. An actual controversy has arisen and now exists between TMCC, MSP and A1 warranting declaratory relief pursuant to 28 U.S.C. 2201.

47. TMCC seeks a declaration that MSP and A1's conduct as detailed herein violated TMCC's rights to be free from unreasonable seizures and violated TMCC's Due Process rights under the Constitutions of the United States and Massachusetts.

48. TMCC seeks a declaration that MSP and A1 are liable to TMCC pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988 for all damages and attorney's fees suffered and incurred by TMCC.

49. TMCC seeks a declaration that Massachusetts G.L.c. 255, §39A is unconstitutional in so much that it authorizes an unreasonable seizure without warrant or exception to the warrant requirement and deprivation of the property rights of a party holding a security interest and lien in a vehicle without any notice to the secured party/lienholder and without any hearing before a neutral decision maker.

50. The towing, seizure and detention and sale of motor vehicles, and extinguishment of liens therein when carried out in accordance with Section 39A's provisions, deprives affected vehicle owners and lienholders of property in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Articles 10 and 14 of the Massachusetts Constitution.

51. Section 39A allows an unreasonable warrantless seizure and does not grant an affected owner or lienholder the right to a hearing with respect to the legitimacy of these acts, either before or after their occurrence. Nor does any other provision of Massachusetts law. TMCC seeks a declaration that Section 39A is so grossly and flagrantly unconstitutional, in that it fails to recognize that a duly perfected security interest and lien in a vehicle is a constitutionally protected property right, that any person of reasonable prudence would be bound to see this flaw.

52. TMCC seeks a declaration that MSP and A1's conduct constituting the deprivations described herein was null and void <u>ab initio</u>.

## COUNT IV
**Conversion Under Massachusetts Common Law**

53. TMCC realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

54. MSP and A1 exercised unlawful dominion and control of The Subject Vehicle to the exclusion of TMCC's rights when it authorized and participated in the creation of a lien for towing and storage fees for The Subject Vehicle which supposedly took priority over TMCC's lien without notice to TMCC.

55. MSP and A1 exercised unlawful dominion and control over The Subject Vehicle to the exclusion of TMCC's rights when MSP and A1 seized and detained The Subject Vehicle after MSP and A1 towed the vehicle, all without notice to TMCC.

56. MSP exercised unlawful dominion and control over The Subject Vehicle when it authorized its agent, A1, to dispose of The Subject Vehicle under Massachusetts G.L.c. 255 §39A without notice to TMCC.

57. MSP and A1's acts of conversion as indicated caused TMCC actual damages, as well as attorney's fees.

## PRAYERS FOR RELIEF

**WHEREFORE,** TMCC requests that this Court:

   a. Grant judgment in favor of TMCC and against MSP and A1 jointly and severally on all causes of action asserted herein;

   b. Declare that MSP and A1 violated TMCC's rights to be free from unreasonable seizures and Due Process under the United States and Massachusetts Constitutions;

c. Declare that Massachusetts G.L.c. 255, §39A is unconstitutional in that it fails to recognize that a duly perfected and recorded security interest and lien in a vehicle is a constitutionally protected property right in violation of the Fourth and Fourteenth Amendments to the United State Constitution;

d. Award TMCC nominal damages and actual damages;

e. Award TMCC the cost of prosecuting this action together with attorney's fees pursuant to 42 U.S.C. §1988; and

f. <u>Declare a permanent injunction against MSP and A1 prohibiting the above-described unconstitutional practices</u>;

g. Award such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

Dated: Newton, Massachusetts
December 2, 2021

**Lushan, McCarthy & Goonan**

By:
  /s/ Michael Lushan
Michael Lushan, Esq.
BBO#307990
132 Charles Street, Suite 301,
Newton, MA 02466
Tel: 617-739-0700
lushan@lushlaw.com
*Counsel for Toyota Motor Credit Corporation*

13